IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-02461-BNB

RONALD APODACA #1436456,

    Plaintiff,

v.

BILL OWENS, Governor, State of Colorado, et al.,
JOHN HICKENLOOPER, Mayor, City & County of Denver, et al.,
AL LACABE, Manger of Public Safty [sic], City & County of Denver, et al.,
FRED OLIVA, Director of Corrections, Denver Sheriff Department & Undersheriff, et al.,
    and
P. MARKSON, JR., Chief Judge, Denver District Court, et al.,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 2 8 2006

GREGORY C. LANGHAM
                 CLERK

---

## ORDER TO FILE AMENDED COMPLAINT AND TO SHOW CAUSE

---

Plaintiff Ronald Apodaca currently is incarcerated at the Denver County Jail. He has filed *pro se* a civil rights complaint pursuant to 42 U.S.C. § 1983 (2003) and 28 U.S.C. § 1343 (1993). He asks for money damages as relief.

The Court must construe the complaint liberally because Mr. Apodaca is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Apodaca will be ordered to file an amended complaint and to show cause why the complaint should not be dismissed for failure to exhaust the Denver County Jail's administrative grievance procedure.

The Court has reviewed Mr. Apodaca's complaint and has determined that it is deficient. Mr. Apodaca fails to allege whether he is a pretrial detainee or a convicted felon. He asserts numerous claims generally concerning the conditions of his confinement at the Denver County Jail. He also makes allegations concerning what he contends to be the imposition of inappropriate bail by the courts and the inappropriate arrest of people for minor petty offenses.

Mr. Apodaca fails to allege each Defendant's personal participation in the asserted constitutional violations. Personal participation is an essential allegation in a civil rights action. **See Bennett v. Passic**, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Apodaca must show that each Defendant caused the deprivation of a federal right. **See Kentucky v. Graham**, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise. **See Butler v. City of Norman**, 992 F.2d 1053, 1055 (10th Cir. 1993). A Defendant, such as Governor Bill Owens, may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. **See Pembaur v. City of Cincinnati**, 475 U.S. 469, 479 (1986); **McKee v. Heggy**, 703 F.2d 479, 483 (10th Cir. 1983).

Mr. Apodaca will be ordered to file an amended complaint in which he sues the proper Defendants and alleges specific facts to demonstrate how each Defendant personally participated in the asserted constitutional violations. Mr. Apodaca is reminded that 42 U.S.C. § 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." **Conn v.**

***Gabbert***, 526 U.S. 286, 290 (1999). Therefore, Mr. Apodaca should name as Defendants in the amended complaint the individuals he believes actually violated his rights.

In addition, Mr. Apodaca alleges that the Denver County Jail has a grievance procedure, that he has attempted to use it, and that he has not yet received responses to his grievances. However, it is not clear to the Court whether the claims he attempted to exhaust are the same claims as he asserts in the instant action. Pursuant to 42 U.S.C. § 1997e(a) (Supp. 2005), "[n]o action shall be brought with respect to prison conditions under . . . any . . . Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." An inmate must exhaust administrative remedies before seeking judicial relief regardless of the relief sought and offered through administrative procedures, *see* ***Booth v. Churner***, 532 U.S. 731, 739 (2001), and regardless of whether the suit involves general circumstances or particular episodes. *See* ***Porter v. Nussle***, 534 U.S. 516, 532 (2002).

Mr. Apodaca is a prisoner confined in a correctional facility. The claims he asserts primarily relate to prison conditions. Therefore, he must exhaust the available administrative remedies as to each claim that relates to prison conditions. Furthermore, 42 U.S.C. § 1997e(a) "imposes a pleading requirement on the prisoner." ***Steele v. Fed. Bureau of Prisons***, 355 F.3d 1204, 1210 (10th Cir. Dec. 29, 2003). To satisfy the burden of pleading exhaustion of administrative remedies, Mr. Apodaca must "either attach copies of administrative proceedings or describe their disposition with

specificity." *Id.* at 1211. Therefore, Mr. Apodaca either must attach copies of the administrative proceedings he exhausted or attempted to exhaust as to each of his conditions-of-confinement claims asserted in the complaint, or describe the disposition of those administrative proceedings with specificity. He has failed to do either. Finally, 42 U.S.C. § 1997e(a) imposes a total exhaustion requirement on prisoners. *See Ross v. County of Bernalillo*, 365 F.3d 1181, 1189 (10th Cir. 2004). Therefore, if Mr. Apodaca has failed to exhaust administrative remedies for any one of his conditions-of-confinement claims, the complaint, as it relates to those claims, must be dismissed for failure to exhaust. Accordingly, it is

ORDERED that Mr. Apodaca file **within thirty (30) days from the date of this order** an amended complaint that complies with the directives in this order and that shows cause why the complaint should not be dismissed for failure to exhaust the Denver County Jail grievance procedure as to each of his asserted conditions-of-confinement claims. It is

FURTHER ORDERED that the amended complaint shall be titled "Amended Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that the Clerk of the Court shall mail to Mr. Apodaca, together with a copy of this order, two copies of the following form for use in submitting the amended complaint: Prisoner Complaint. It is

FURTHER ORDERED that Mr. Apodaca submit sufficient copies of the amended complaint to serve each named Defendant. It is

FURTHER ORDERED that, if Mr. Apodaca fails to comply with this order within the time allowed, the complaint and the action will be dismissed without further notice.

DATED February 28, 2006, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF MAILING

Civil Action No. 05-cv-02461-BNB

Ronald Apadoca
Prisoner No. 1436456
Denver County Jail
10500 Smith Road
Denver, CO 80239

    I hereby certify that I have mailed a copy of the **ORDER and two copies of Prisoner Complaint** to the above-named individuals on 2/28/06

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk